# NOS. 12-09-00304-CR
# 12-09-00305-CR
# 12-09-00306-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *DEMARIA TRAVAR WOODS,*<br>*APPELLANT* | § | *APPEAL FROM THE 114TH* |
| *V.* | § | *JUDICIAL DISTRICT COURT OF* |
| *THE STATE OF TEXAS,*<br>*APPELLEE* | § | *SMITH COUNTY, TEXAS* |

### *MEMORANDUM OPINION*
### *PER CURIAM*

DeMaria Travar Woods appeals his convictions for engaging in organized criminal activity, aggravated robbery, and evading arrest or detention. Appellant's counsel filed a brief in compliance with *Anders v. California*, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967) and *Gainous v. State*, 436 S.W.2d 137 (Tex. Crim. App. 1969). Appellant also filed a brief pro se. We dismiss Appellant's appeal.

### BACKGROUND

Appellant was charged by indictment with the offense of engaging in organized criminal activity, a first degree felony.[1] The indictment further alleged that Appellant committed the offense as a member of a criminal street gang. Appellant was also charged by indictment with the

---

[1] *See* TEX. PENAL CODE ANN. § 71.02(a)(1), (b) (Vernon Supp. 2010).

offense of aggravated robbery, a first degree felony.[2]   The indictments for engaging in organized criminal activity and aggravated robbery alleged that Appellant used or exhibited deadly weapons—a firearm and a crowbar—during the commission of or immediate flight from the offense.[3]   Finally, Appellant was charged by indictment with the offense of evading arrest or detention, a state jail felony.[4]

Appellant entered an "open" plea of guilty to the offenses charged in the indictments, pleaded "true" to the deadly weapon allegations, and pleaded "true" to the allegation that he committed the offense of engaging in organized criminal activity as a member of a criminal street gang.   In each case, Appellant and his counsel signed an agreed punishment recommendation, an acknowledgment of admonishments, a waiver of jury trial, an agreement to stipulate testimony, and a stipulation of evidence in which Appellant swore that all allegations pleaded in the indictment were true and correct.   He also judicially confessed to the offenses alleged in the indictments.   However, Appellant did not waive his right to appeal.

After a punishment hearing, the trial court adjudged Appellant guilty of engaging in organized criminal activity, made an affirmative deadly weapon finding, made a finding that Appellant committed the offense as a member of a criminal street gang, and assessed his punishment at twenty years of imprisonment and court costs.[5]   The trial court also adjudged Appellant guilty of aggravated robbery, made an affirmative deadly weapon finding, and assessed his punishment at twenty years of imprisonment and court costs.   Finally, the trial court adjudged Appellant guilty of evading arrest and assessed his punishment at two years of confinement and court costs.[6]   This appeal followed.

---

[2] *See* TEX. PENAL CODE ANN. § 29.03(a)(2), (b) (Vernon 2003).

[3] Initially, the indictments against Appellant for engaging in organized criminal activity and aggravated robbery also included a felony enhancement paragraph.   However, the State abandoned the enhancement paragraph in each case at Appellant's punishment hearing.

[4] *See* TEX. PENAL CODE ANN. § 38.04(a), (b)(1)(B) (Vernon Supp. 2010).

[5] An individual adjudged guilty of a first degree felony shall be punished by imprisonment for life or for any term of not more than ninety-nine years or less than five years and, in addition, a fine not to exceed $10,000.   *See* TEX. PENAL CODE ANN. § 12.32 (Vernon Supp. 2010).

[6] An individual adjudged guilty of a state jail felony shall be punished by confinement in a state jail for any term of not more than two years or less than 180 days and, in addition, a fine not to exceed $10,000.   *See* TEX. PENAL CODE ANN. § 12.35(a), (b) (Vernon Supp. 2010).

## ANALYSIS PURSUANT TO *ANDERS V. CALIFORNIA*

Appellant's counsel filed a brief in compliance with *Anders* and *Gainous*, stating that he has diligently reviewed the appellate record and is of the opinion that the record reflects no reversible error and that there is no error upon which an appeal can be predicated. From our review of Appellant's brief, it is apparent that his counsel is well acquainted with the facts in these cases. In compliance with *Anders*, *Gainous*, and *High v. State*, 573 S.W.2d 807, 812 (Tex. Crim. App. 1978), counsel's brief presents a chronological summation of the procedural history of the cases, and further states that counsel is unable to raise any arguable issues for appeal.

In Appellant's pro se brief, he argues that he should have been indicted for the lesser included offense of robbery because he did not use or exhibit a deadly weapon during the commission of the offense. We have reviewed the record for reversible error and have found none. *See Bledsoe v. State*, 178 S.W.3d 824, 826-27 (Tex. Crim. App. 2005).

## CONCLUSION

As required, Appellant's counsel has moved for leave to withdraw. *See In re Schulman*, 252 S.W.3d 403, 407 (Tex. Crim. App. 2008) (orig. proceeding); *Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991). We agree with Appellant's counsel that the appeal is wholly frivolous and his motion for leave to withdraw is hereby *granted*. *See In re Schulman*, 252 S.W.3d at 408-09.

Counsel has a duty to, within five days of the date of this opinion, send a copy of the opinion and judgment to Appellant and advise him of his right to file a petition for discretionary review. *See* TEX. R. APP. P. 48.4; *In re Schulman*, 252 S.W.3d at 411 n.35. Should Appellant wish to seek further review of these cases by the Texas Court of Criminal Appeals, he must either retain an attorney to file a petition for discretionary review or he must file a pro se petition for discretionary review. *See In re Schulman*, 252 S.W.3d at 408 n.22. Any petition for discretionary review must be filed within thirty days from the date of either this opinion or the last timely motion for rehearing that was overruled by this court. *See* TEX. R. APP. P. 68.2. Any petition for discretionary review must be filed with this court, after which it will be forwarded to the Texas Court of Criminal Appeals along with the rest of the filings in these cases. *See* TEX. R. APP. P. 68.3; *In re Schulman*, 252 S.W.3d at 408 n.22. Any petition for discretionary review

3

should comply with the requirements of Rule 68.4 of the Texas Rules of Appellate Procedure. *See* TEX. R. APP. P. 68.4; *In re Schulman*, 252 S.W.3d at 408 n.22.

We *dismiss* Appellant's appeal.

Opinion delivered February 28, 2011.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*

(DO NOT PUBLISH)